PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 1996 Ford Escort struck a hole while she was traveling on W. Va. Route 119/33 in Morgantown, Monongalia County. W. Va. Route 119/33 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 10:00 a.m. and 10:30 a.m. on September 15, 2003, a rainy day. W. Va. Route 119/33 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that she was (Living on W. Va. Route 119/33 when she saw the hole. She slated that she had seen the hole previously but had been able to avoid it on other occasions. Ms. Thomas was unaware of how deep the hole was because it was filled with water. Claimant’s vehicle struck the hole sustaining damage to the right front rim and tire. Ms. Thomas stated that the hole was four-and-a-half inches deep. Claimant’s vehicle sustained damage totaling $470.22.
The position of the respondent is that it did not have actual or constructive notice of the condition on W. Va. Route 119/3 3 at the site of the claimant’s accident for the date in question.
William Henderson, a Crew Supervisor for the respondent in Monongalia County, testified that he had no knowledge of any holes on W. Va. Route 119/33 in Morgantown for the date in question or the days immediately prior. Mr. Henderson stated that there were no records of either complaints concerning the condition of the road or any maintenance done on this stretch of road for two weeks prior to claimant’s incident and two weeks after. Respondent maintains that it had no actual or constructive notice of any holes on W. Va. Route 119/33.
The well-established principle of law in West Virginia is that the state is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of *188 this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the hoi e presented a hazard to the traveling public. Photographs in evidence depict the hole and provide the Court an accurate portrayal of the size and location of the hole on W. Va. Route 119/33. The size of the hole and the time of the year in which claimant’s incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recoveiy for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $470.22.
Award of $470.22.